[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14577
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00017-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATEO GOMEZ-SILVESTRE,
a.k.a. Mateo Silvestre-Diego,
a.k.a. Noe Seferino-Leanardo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 17, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mateo Gomez-Silvestre was convicted in Florida federal court of aiding and abetting the transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i), and 18 U.S.C. § 2. While on supervised release, and after having reentered the United States without authorization, Gomez[1] was convicted in California federal court of conspiring to harbor and transport illegal aliens. After serving his California sentence, Gomez was returned to Florida and sentenced to 36-months imprisonment for violating the terms of his Florida supervised release. He now challenges that sentence. He argues that the district court erred when it considered the length of his original Florida sentence in deciding the appropriate sentence for his supervised release violation, and committed a clear error of judgment in weighing the sentencing factors. After careful review, we affirm.

## I.

In 2006, Gomez was indicted on two counts, including one count of aiding and abetting in transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i) and 18 U.S.C. § 2. In 2007, Gomez pled guilty to that charge and agreed to cooperate with investigators in exchange for the prosecution's motion for a two-level downward departure under United States Sentencing Guideline § 5K1.1 and dismissal of the remaining counts. The court

---

[1] Because he refers to himself as Gomez, we do as well.

sentenced Gomez to 27-months imprisonment followed by 60 months of supervised release.  The terms of the supervised release required Gomez not to commit another crime and, if deported, not to reenter without permission from an appropriate governmental authority.  At some point after being released from custody, Gomez was deported.  And at some point after that, he reentered the United States without authorization.

In 2011, while still on supervised release for his 2007 Florida federal conviction, Gomez was convicted in federal court in California of conspiring to harbor and transport illegal aliens.  For this conviction, Gomez was sentenced to 96-months imprisonment followed by another term of supervised release.  After he served his prison term in California, Gomez was transported to Florida for a hearing on the violation of the terms of his supervised release for his 2007 Florida conviction.

At the revocation hearing, Gomez admitted to both the 2011 California conviction, a Grade B violation, and to unlawfully reentering the United States in violation of the special conditions of the supervised release, a Grade C violation. Based on the Grade B violation and his criminal history category of V, the court calculated his guideline range as 18 to 24 months, followed by another period of supervised release.

The government asked for a sentence of 24-months imprisonment with no supervised release. Gomez in turn asked for "a term of imprisonment of a year and a day given all the time he has already served." Gomez's attorney also presented a number of factors for mitigation. Counsel argued that Gomez had already served a substantial sentence for his California conviction; had taken full responsibility for his actions; and that Gomez's underlying conduct (serving as the driver for a group of non-citizens who were traveling to an agricultural job) was a relatively minor violation.

The court sentenced Gomez to 36-months imprisonment, which was an upward variance. The court said it considered the advisory guideline range and the factors in 18 U.S.C. § 3553(a). The court noted that Gomez "seems to relentlessly pursue the same line of criminal conduct despite the sentences that have been imposed on him." The court also noted that "the 27 months that were imposed on him here in July of 2007 proved insufficient, so I am not motivated to sentence him at an even lower number than that for essentially the same conduct resumed and flagrantly so." Determining that there were "a number of reasons here to suggest the manifest inadequacy of the guideline sentence," the court said an above-guidelines sentence was appropriate. Gomez objected to the sentence procedurally and substantively. This appeal followed.

II.

4

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). "We review the sentence imposed upon the revocation of supervised release for reasonableness." Id. In considering the reasonableness of a sentence, we review de novo "whether a factor considered by the district court in sentencing a defendant is impermissible." Id. We then review the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(2). The court must also consider the history and characteristics of the defendant. Id. § 3553(a)(1). The weight given to any specific § 3553(a) factor is "committed to

the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). However, a district court abuses its discretion when it (1) does not consider significant, relevant factors, (2) gives an improper or irrelevant factor significant weight, or (3) unreasonably balances proper factors such that there is a clear error of judgment. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

### III.

On appeal, Gomez argues the district court "gave significant weight to a wholly irrelevant factor—the length of Mr. Gomez's previous sentence" when it decided to sentence him to 36-months imprisonment for violating the terms of his supervised release. He also says the district court committed "a clear error of judgment in its weighing of relevant sentencing factors," and that the record did not support an upward variance from the recommended guideline sentence.

The district court did not err in considering the length of Gomez's underlying sentence. In revocation proceedings, "penalties are contemplated in relation to the original offense." United States v. Williams, 790 F.3d 1240, 1251 (11th Cir. 2015). The length of a previous sentence can also be relevant to a number of § 3553(a) factors in a revocation proceeding, including the history and characteristics of a defendant, and the ability of a particular sentence to promote respect for the law and deter future criminal conduct. See 18 U.S.C. § 3553(a)(1),

6

(a)(2)(A)–(B).  While a sentencing court may act improperly by giving controlling effect to the length of a previously imposed sentence, the previously imposed sentence is not a wholly improper or irrelevant factor in the context of a violation of supervised release.

The district court also did not commit a clear error of judgment in weighing the relevant sentencing factors.  See Irey, 612 F.3d 1160, 1189.  At the sentencing hearing, the district court said it had considered Gomez's guideline range and the § 3553(a) factors, noting in particular Gomez's criminal history and the fact that Gomez had not "ke[pt] faith with the United States after his sentence was reduced for his cooperation."  The court also provided reasons for its decision to upwardly vary.  The court noted that Gomez had continued to "pursue the same line of criminal conduct despite the sentences that have been imposed on him," making the guidelines range inadequate to fulfill the purposes of § 3553(a)(2).  These considerations are in line with the commentary to the Sentencing Guidelines, which direct a court at revocation proceedings to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  United States Sentencing Guidelines ch. 7, pt. A, introductory cmt. 3(b).  Taken as a whole, we cannot say the balance struck by the district court was an abuse of discretion.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.

**AFFIRMED.**